UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-04285-MWF-MAA                                    Date:  July 15, 2021

Title:  Jared Andrew Martin v. Warden

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why Petition Should Not Be Dismissed

On May 14, 2021, the Court received and filed Petitioner Jared Andrew Martin's ("Petitioner") *pro se* filing in which Petitioner states that he wishes to initiate a new federal case challenging his state court judgment of conviction, which recently was upheld by the California Supreme Court ("Petition").  (Pet., ECF No. 1, at 1–2.)[1]  Although Petitioner has styled this filing as a "Notice of Appeal," he seeks to vacate a state court judgment of conviction; therefore, the Court construes this filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254").  (*See id.*)  The Petition alleges twenty grounds for federal habeas relief:  (1) "outrageous government misconduct"; (2) "discriminatory charges"; (3) "perjured testimony"; (4) "prosecutorial misconduct"; (5) "prosecution misstatement of material fact"; (6) "potential juror bias"; (7) "confidential records withheld"; (8) "judicial bias"; (9) "juror falsity"; (10) "cross examination restricted"; (11) "cumalative [sic] errors, denied due process"; (12) "defenses [sic] credibility unfairly impaired"; (13) "defense evidence restricted"; (14) "duress – unconstitutional duress – undue"; (15) "right to defend – state rules denied due process"; (16) "state errors denied a fair trial"; (17) "miscarriage of justice"; (18) "selective prosecution"; (19) "reciprocal discovery denied"; and (20) "Petitioners [sic], Defendants [sic], Appellants [sic] appellate counsel was ineffective."  (*Id.* at 2–3.)[2]

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

[2] On June 21, 2021, the Court received and filed Petitioner's Motion to Disqualify the undersigned Magistrate Judge.  (ECF No. 3.)  On June 28, 2021, District Judge Fitzgerald denied the Motion to Disqualify.  (ECF No. 4.)  Accordingly, the Court may now proceed with issuing this Order.

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-04285-MWF-MAA                                    Date: July 15, 2021

Title:    Jared Andrew Martin v. Warden

     It appears that the instant Petition challenges the same judgment of conviction that is the subject of another one of Petitioner's Section 2254 actions pending before this Court: *Martin v. Fisher*, No. 2:19-cv-10839-MWF-MAA (C.D. Cal. filed Dec. 23, 2019) ("*Martin I*").[3] Petitioner's Third Amended Petition ("TAP") in *Martin I* challenges a 2019 judgment of conviction sustained in Los Angeles County Superior Court, providing the following case number: "MA076747". (TAP at 2, *Martin I*, No. 2:19-cv-10839-MWF-MAA (C.D. Cal. Jan. 29, 2021), ECF No. 38.) In the instant Petition, Petitioner also raises claims challenging his judgment of conviction in "Los Angeles Superior Court No. MA076747." (Pet. 2.)

     Petitioner may not pursue two separate Section 2254 petitions challenging the same judgment of conviction; instead, the Court is required to liberally construe the instant Petition as a motion to amend in *Martin I*. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (holding that district court should have construed petitioner's second *pro se* habeas corpus petition as a motion to amend his pending petition). However, in light of Petitioner's *pro se* status and his stated preference for filing a new federal action, the Court will provide Petitioner an opportunity to respond.

     Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE by August 16, 2021** why this action should not be dismissed and the instant Petition filed as a Motion to Amend in *Martin I*. Petitioner's Response to this Order to Show Cause is due no later than **August 16, 2021**. In lieu of filing a Response to this Order, Petitioner also may file a Notice of Voluntary Dismissal.

     **Petitioner is advised that failure to comply with this Order to Show Cause by August 16, 2021 will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or failure to comply with Court orders.** *See* **C.D. Cal. L.R. 41-1.**

     It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

---

[3] The Court takes judicial notice of the *Martin I* proceedings. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").